OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Michael A. Brown, filed April 23, 2008. On November 19, 2007, Brown was indicted on one count of aggravated burglary, in violation of R.C. 2911.11(A)(1), and one count of assault (physical harm), in violation of R.C. 2903.13(A). *Page 2 
 {¶ 2} On January 29, 2008, Brown pled guilty to a reduced charge of burglary, in violation of R.C. 2911.12(A)(3), a felony of the third degree, and the assault charge was dismissed. Brown received an agreed sentence of five years in prison.
 {¶ 3} On April 23, 2008, Brown filed a pro se Notice of Delayed Appeal Pursuant to Appellate Rules, and Motion for Delayed Appeal, Pursuant to App. R. 5. We granted Brown's motion on June 5, 2008, and we appointed appellate counsel for him. On October 2, 2008, Brown filed "On Appellant's pro se Motion Requesting Leave of Court to File pro se Brief of Merit per Anders v. California." On October 9, 2008, we issued a Decision and Entry denying Brown's motion, noting that his counsel did not file an Anders brief on his behalf.
 {¶ 4} Brown asserts two assignments of error which we will consider together. They are as follows:
 {¶ 5} "THE TRIAL COURT'S MAXIMUM SENTENCE WAS CONTRARY TO LAW," and,
 {¶ 6} "THE TRIAL COURT ERRED IN FAILING TO REASONABLY CALCULATE THE DEFENDANT'S SENTENCE UNDER R.C. 2929.11 AND FAILING TO ADEQUATELY CONSIDER AND APPLY ALL THE FACTORS ENUMERATED IN R.C. 2929.12 AND R.C. 2929.13."
 {¶ 7} At Brown's sentencing, the following exchange occurred:
 {¶ 8} "THE COURT: * * * Defendant's charged with aggravated burglary and assault. The Court's been handed a plea of guilty to amended Count One, to burglary, a felony of the third degree. It is agreed between the parties to a 5-year prison sentence, leaving any financial * * * sanctions to the discretion of the Court. *Page 3 
 {¶ 9} "* * *
 {¶ 10} "THE COURT: As to the Amended charge, how does the defense wish to plead?
 {¶ 11} "MR. DOUGHTY: Your Honor, that was a correct statement of the facts. Myself and Mr. Driscoll have negotiated this matter, agreed sentence of 5 years. That agreement's been reduced to writing. It's been reviewed with the Defendant, executed by Mr. Driscoll, myself, and the Defendant * * * ."
 {¶ 12} R.C. 2953.08 (D)(1) provides, "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." "For a felony of the third degree, the prison term shall be one, two, three, four, or five years." R.C. 2929.14(A)(3). Brown's arguments fail; his sentence is within the statutory range, it was recommended to the trial court by Brown and the State, and it was imposed by a sentencing judge. Brown's assignments of error accordingly lack merit, and they are overruled. Judgment affirmed.
GRADY, J. and WOLFF, J., concur.
(Hon. William H. Wolff, Jr., retired from the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Amy M. Smith Justin E. Fernandez Hon. Richard J. O'Neill *Page 1